**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAN 2 7 2009

**Clerk, U.S. District and Bankruptcy Courts**

| | |
|---|---|
| Jason Earl Jones, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 09 0146 |
| | ) |
| Henry Paulson, | ) |
| | ) |
| Respondent. | ) |

MEMORANDUM OPINION

This action, brought *pro se* by a prisoner at the Kern Valley State Prison in Delano,

California, is before the Court on its initial review of the petition for a writ of mandamus.[1]

Petitioner seeks to compel the Secretary of the Treasury

> to direct the United States Secret Service to respond to Kern Valley State
> Prison and enforce the lien/foreign securities of the sovereign state family
> of [petitioner] and further discharge its responsibility to protect
> sovereign/ambassador [petitioner,] demanding the immediate release of
> [petitioner] and his personal property from custody.

Pet. at 2. The extraordinary remedy of a writ of mandamus is available to compel an "officer or

employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28

U.S.C. § 1361. The petitioner bears a heavy burden of showing that his right to a writ of

---

[1] The petition is accompanied by petitioner's application to proceed *in forma pauperis* ("IFP"), in which he states that he is not incarcerated (Question 1). This is belied, however, by the address of record. Because the case will be dismissed on the merits, the Court will not prolong matters by compelling petitioner's compliance with the filing fee requirements of the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915, by providing a six-month statement of his inmate trust fund account. Petitioner is warned nonetheless that by signing the IFP application and affidavit, he has attested to the truthfulness of the information contained therein. His untruthful statement is itself a ground for dismissal of the case.

mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation

omitted). Mandamus relief is not appropriate when another adequate remedy is available. *LoBue*

*v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996). Notwithstanding petitioner's alleged

grandeur, he ultimately seeks his release from custody. His remedy therefore lies in a writ of

*habeas corpus* directed at his immediate custodian in California. *See Chatman-Bey v.*

*Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) (where "habeas is an available and potentially

efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately

lie."); *Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction

is proper only in the district in which the immediate, not the ultimate, custodian is located")

(internal citations and quotation marks omitted). A separate Order of dismissal accompanies this

Memorandum Opinion.

United States District Judge

Date: December **31**, 2008